IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

    Petitioner,                      No. CIV S-06-1548 FCD GGH P

    vs.

CLAUDE E. FINN, et al.,

    Respondents.                 FINDINGS & RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 prison disciplinary conviction for refusing to work. Pending before the court is respondent's August 31, 2006, motion to dismiss for failure to exhaust state court remedies. After carefully reviewing the record, the court recommends that respondent's motion be granted.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner apparently filed two petitions for writ of habeas corpus in the San Joaquin Superior Court. These petitions challenged the at-issue prison disciplinary conviction for refusing to work as well as another prison disciplinary conviction for manipulating staff. Petitioner's Opposition, Exhibit A. On March 10, 2006, the Superior Court issued one order denying both petitions. Id. This order contained one case number. Id.

Petitioner filed a habeas corpus in the California Court of Appeal. The record contains no copy of this petition. On April 6, 2006, the California Court of Appeal denied this petition without comment or citation. Petition's Opposition, Exhibit A.

Petitioner filed a petition for review in the California Supreme Court on April 17, 2006. Respondent's Exhibit A. This petition, case no. 52256, challenged only the disciplinary conviction for manipulating staff. Id. On June 14, 2006, the California Supreme Court denied the petition without comment or citation. Id., Exhibit B.

In his opposition to the pending motion, petitioner claims that he sent the California Supreme Court a second petition for review challenging the at-issue conviction for refusing to work. Attached to the opposition as Exhibit B is a copy of this petition, although it contains no file stamp from the California Supreme Court. Petitioner claims that the California Supreme Court treated the two petitions for review as one, because the Superior Court had denied his two separately filed habeas corpus petitions in one order.

Petitioner's claim that the California Supreme Court must have considered both petitions for review in the June 14, 2006, order is not supported by the evidence. As stated above, the petition for review challenging the at-issue conviction for refusing to work contains no file stamp from the California Supreme Court. The order by the California Supreme Court and the petition for review challenging the conviction for manipulating staff contain the same case

number. Under these circumstances, the court cannot find that petitioner provided the California Supreme Court with a full and fair opportunity to consider his claims. Accordingly, respondent's motion to dismiss for failure to exhaust state court remedies should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 31, 2006, motion to dismiss be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/13/06                                    /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                   UNITED STATES MAGISTRATE JUDGE

ggh:kj
will1548.mtd

3